UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BAUMHOVER,

    Petitioner,                          Case No. 17-cv-13575
                                                 Hon. George Caram Steeh
    v.

J.A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
PETITION FOR A WRIT OF HABEAS CORPUS**

    Federal prisoner Robert Baumhover ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner pleaded guilty in the United States District Court for the Northern District of Iowa to child pornography charges under 18 U.S.C. § 2252A(a)(5)(B). He was sentenced on June 18, 2014, to 148 months imprisonment and 10 years supervised release. Petitioner claims that he is entitled to retroactive application of an amendment to the sentencing guidelines. Because Petitioner has failed to demonstrate that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, the petition will be dismissed.

## I. Standard of Review

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the petition must be dismissed.

## II. Discussion

Federal prisoners may bring a habeas corpus petition under § 2241 in the district where they are incarcerated if they are challenging the execution of their sentences or the manner in which their sentences are served. See *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The primary mechanism for challenging the legality of a federal sentence or for claiming the right to be released as a result of an unlawful sentence, however, is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the sentencing court. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); see *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56. Petitioner is challenging the legality of his sentence, as opposed to, the execution or manner in which he is serving his sentence. Therefore, the proper remedy for his claims is a motion to vacate, set aside, or correct the sentence under § 2255.

The "savings clause" of § 2255 provides an exception to the rule that federal prisoners must challenge the legality of their sentences in a § 2255 motion. The exception applies when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). It is the prisoner's burden to prove the remedy under § 2255 is

inadequate or ineffective. See *Charles*, 180 F.3d at 756. The remedy under § 2255 is not rendered inadequate or ineffective simply because, as here, a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Id.*, at 756-58.

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. See *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Peterman*, 249 F.3d at 462 ("[C]laims do not fall within any arguable construction of [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence."); see also *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003). A valid assertion of actual innocence is more than a declaration that the prisoner should be entitled to retroactive application of an amendment to the sentencing guidelines. Rather, actual innocence suggests an intervening change in the law that establishes a prisoner's actual innocence of the crime. See *Martin*, 319 F.3d at 804-05; *Peterman*, 249 F.3d at 462.

"[A]ctual innocence means factual innocence, not mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding that a substantive criminal statute no longer reaches certain conduct, i.e., that he stands convicted of "an act that the law does not make criminal." *Bousley*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)); see also *Bailey v. United States*, 516 U.S. 137, 150-151 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court redefined "use" in a restrictive manner). Petitioner is not claiming to be actually innocent of the underlying crime to which he pleaded guilty. In the absence of such a claim of actual innocence, Petitioner does not allege facts sufficient to fall within the savings clause of § 2255 and fails to show that this statute affords an inadequate or ineffective remedy.

### III. Conclusion

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petition for a Writ of Habeas Corpus.

Lastly, the Court notes that a Certificate of Appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § *2241*. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

Dated: November 16, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 16, 2017, by electronic and/or ordinary mail and also on Robert Baumhover, #13474-029, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk